UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RONALD LYNCH,
                              **Plaintiff,**

-against-                                                  02-CV-1526

D. COOK, Correctional Officer;
T. ODDEY, Correctional Officer;
and J. HEBERT, Correctional Officer,

                              **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I. INTRODUCTION**

      Plaintiff commenced this action *pro se*, asserting First and Fourteenth Amendment claims pursuant to 42 U.S.C. § 1983 against the defendant correctional officers. In this regard, Plaintiff, a prisoner in the custody of the New York State Department of Correctional Services ("DOCS"), contends that he filed a grievance against Defendant Cook and that Cook and the other defendants then retaliated against him by interfering with his legal mail, filing false misbehavior reports against him, physically threatening him, spitting in his food, putting objects and substances in his food, urinating on his sheets and pillow case during a cell search, and destroying his personal property. See Compl. [dkt. # 1]. Plaintiff alleges that Defendants' conduct violated his Fourteenth Amendment right to substantive due process, was improper retaliation under the First Amendment, and constituted interference with his First Amendment rights to free speech and to petition the

1

government for redress of grievances. Following an appeal from the Magistrate Judge's discovery order that revealed an extremely contentious period of discovery, the Court appointed *pro bono* counsel for Plaintiff. See May 21, 2004 Decision and Order [dkt. # 34]. The matter is now before the Court on Defendants' motion for summary judgment. For the reasons that follow, the is motion denied with leave to renew.

## II.  STANDARD OF REVIEW

It is well settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 592 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of informing the Court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the movant is able to establish a *prima facie* basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). While the Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his favor, Abramson v. Pataki, 278 F.3d 93, 101 (2d Cir. 2002), a party opposing a properly

supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d. Cir. 1998). As one legal treatise has succinctly stated, summary judgment requires the parties to "put up or shut up." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000)(quoting Fleming James, Jr. & Geoffrey C. Hazard, Jr., Civil Procedure 150 (2d ed. 1977)).

The Local Rules of the Northern District provide a mechanism for the efficient resolution of summary judgment motions. See N.D.N.Y.L.R. 7.1(a)(3). This mechanism places the onus on the parties to marshal the evidence that either supports, or defeats, the motion. Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 291 (2d Cir. 2000)(The Court's Local Rules require the parties "to clarify the elements of the substantive law which remain at issue because they turn on contested facts."). The competing Local Rule 7.1(a)(3) statements are where the parties are to present the evidence that either supports or defeats a motion for summary judgment. Facts that are not in these statements or not supported by specific citations to the record need not be considered. See id. (The Court "is not required to consider what the parties fail to point out.")(internal quotation marks and citations omitted); Amnesty America v. Town of West Hartford, 288 F.3d 467, 470 (2d Cir. 2002)("We agree with those circuits that have held that FED. R. CIV. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.")(citations omitted).

In the instant case, Defendants have submitted a Local Rule 7.1 Statement of Material Facts ("7.1 Statement") that, except for facts related to Defendants' collateral estoppel defense (discussed

*infra*), is nothing more than a list of exhibits. See Def. 7.1 Stat. [dkt. # 47-3].[1] Thus, except for the few paragraphs addressed to the prior state court proceeding, id. at ¶¶ 1, 2, 7, 9, and 10, Defendants' 7.1 Statement sets forth no factual assertions.

Plaintiff's responding 7.1 Statement does not do much better in complying with the Local Rules. See Dkt. 9-1. Plaintiff submitted a mirrored 7.1 Statement that admits or denies the

---

[1] Defendants' 7.1 Statement provides, in its entirety, as follows:

Pursuant to Rule 7.1(a)(3) of the Local Rules of this Court, defendants contend that as to the following material facts, no genuine issue exists:

1. At all times relevant to the complaint in this case, plaintiff was an inmate in the custody of the New York State Department of Correctional Services. See Complaint, Docket No.1.

2. At all times relevant to the complaint in this case, plaintiff was housed at Upstate Correctional Facility. See Complaint, Docket No. 1.

3. A true and correct copy of plaintiff's deposition transcript, taken January 19, 2005 and sworn to on March 25, 2005 is annexed hereto as Exhibit A.

4. A true and correct copy of defendant Cook's deposition transcript, taken February 9, 2005 and sworn to on March 31, 2005 is annexed hereto as Exhibit B.

5. A true and correct copy of defendant Oddey's deposition transcript, taken February 9, 2005 and sworn to on April 4, 2005 is annexed hereto as Exhibit C.

6. A true and correct copy of defendant Hebert's deposition transcript, taken February 9, 2005 and sworn to on March 29, 2005 is annexed hereto as Exhibit D.

7. Plaintiff filed a Claim in the New York State Court of Claims alleging the same facts and circumstances as are alleged in this action. See Plaintiff's Deposition Transcript, annexed hereto as Exhibit A, at p. 14.

8. A copy of plaintiff's Claim, No. 104796, is annexed hereto as Exhibit E.

9. Plaintiff's Claim was dismissed by the Court of Claims as untimely, and on the merits, on September 4, 2002. See Decision and Order dated September 4, 2002, annexed hereto as Exhibit F.

10. This dismissal was affirmed by the Appellate Division, Third Department, as untimely and on the merits. See Memorandum and Order dated December 11, 2003, annexed hereto as Exhibit G.

11. Plaintiff's disciplinary history printout, for the period July 29, 1999 through January 20, 2005, is annexed hereto as Exhibit H.

12. Exhibit 3 from plaintiff's deposition is annexed hereto as Exhibit I.

13. Exhibit 4 from plaintiff's deposition is annexed hereto as Exhibit J.

"allegations" in the Defendant's 7.1 Statement, but that provides no citations to the record. That being the case, the *facts* set forth in Defendants' 7.1 Statement at paragraphs 1, 2, 7, 9, and 10 are deemed admitted for purposes of this motion.[2] See N.Y. Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc., 426 F.3d 640, 648-49 (2d Cir. 2005)(upholding grant of summary judgment where "[t]he district court, applying Rule 7.1(a)(3) strictly, reasonably deemed [movant's] statement of facts to be admitted" because the non-movant submitting a responsive Rule 7.1(a)(3) statement that "offered mostly conclusory denials of [movant's] factual assertions and failed to include any record citations."); Meaney v. CHS Acquisition Corp., 103 F. Supp.2d 104, 108 (N.D.N.Y. 2000)(deeming movant's Rule 7.1(a)(3) Statement admitted where non-movant's response "set forth *no* citations – specific or otherwise – to the record")(emphasis in original); McKnight v. Dormitory Auth. of State of N.Y., 189 F.R.D. 225, 227 (N.D.N.Y. 1999)(McAvoy, J.)("deem[ing] the portions of Defendants' 7.1(a)(3) statement that are not specifically controverted by Plaintiff to be admitted").

**III. DISCUSSION**

In support of summary judgment, Defendants contend that (a) the instant action is barred by the doctrine of collateral estoppel; (2) Plaintiff's constitutional rights were not violated because Defendants did not retaliate against Plaintiff; (3) Plaintiff's First Amendment Rights were not violated; and (4) Defendants are entitled to qualified immunity. The Court will start by examining the collateral estoppel defense.

**A. Collateral Estoppel**

There exists no dispute that Plaintiff filed a Claim in the New York State Court of Claims

---

[2] Legal contentions set forth in Defendant's 7.1 Statement are not deemed admitted.

5

alleging a state common law tort based on the same facts and circumstances as are alleged in this action. There is also no dispute that the Claim was dismissed by the Court of Claims as untimely under the applicable statute of limitations, and that the dismissal was affirmed by the New York State Supreme Court, Appellate Division, Third Department. Defendants assert that the dismissal in state court operates to bar the instant action under the doctrine of collateral estoppel, contending that the dismissal was "on the merits." The Plaintiff argues that collateral estoppel does not apply in this situation.

It is beyond question that the federal courts must honor the preclusive effect of a state court's decisions on the merits of a case. Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 93 (2d Cir. 2005)(citing the Full Faith and Credit Act, 28 U.S.C. §1738). In New York, a dismissal on the statute of limitations is a decision on the merits with "full *res judicata* effect." Pharr v. Evergreen Garden, Inc., 123 Fed. Appx. 420, 423 (2d Cir. 2005)(citing, *inter alia*, Bray v. New York Life Ins. 851 F.2d 60, 63-64 (2d Cir. 1988)). However, the same result is not reached with regard to collateral estoppel. Ceramic v. New York City Hour. Auth., 170 F. Supp.2d 372, 377 (N.D.N.Y. 2001). As the Southern District of New York has held:

> Although the cases cited by the Defendants establish that New York considers a dismissal on statute of limitations grounds a final judgment "on the merits" for *res judicata* purposes,... neither these cases nor any discovered by this court lend support to Defendants' facile contention that such a dismissal acts to collaterally estop future litigation of the issues raised in the time-barred proceeding. Indeed, these cases lead to the conclusion that New York courts would not accord collateral estoppel effect to a statute of limitations dismissal.
>
> * * *
>
> [W]here an entire claim is dismissed on statute of limitations grounds prior to any litigation whatsoever, it cannot possibly be said that resolution of *any* issue was "essential to the decision," "actually decided," "actually litigated and resolved in the prior proceeding" or anything of the like.

6

Capita v. Coughing, 785 F. Supp. 385, 388-390 (S.D.N.Y. 1992).

In this case, collateral estoppel does not bar the present action because: (1) Plaintiff could not have raised his federal constitutional challenges in the Court of Claims, see Ferrer v. State 172 Misc.2d 1, 5, 655 N.Y.S.2d 900, 903 (N.Y. Ct. Cl. 1996); (2) a different statute of limitations exists for claims raised in this court and in the one raised in the Court of Claims; and (3) the entire action in the Court of Claims was dismissed prior to any litigation on the merits underlying the claim. See Uzdavines v. Weeks Marine, Inc., 418 F.3d 138, 146 (2d Cir. 2005)("Collateral estoppel, or issue preclusion, applies where: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.")(citations omitted).  Therefore, the motion on this ground is denied.

### B. Remaining Arguments

The remaining arguments raised by Defendants require the Court to address the undisputed material facts and determine whether, in light of those facts, Defendants are entitled to summary judgment. However, as discussed above, Defendants have failed to properly marshal any facts in their 7.1 Statement other than those in relation to the collateral estoppel argument.  Absent a proper presentation of facts that would support a favorable summary judgment determination, it is difficult to see how Defendants could meet their *prima facie* burden of establishing entitlement to summary judgment on the remaining arguments. Thus, on the present record and in light of the fact that Plaintiff's Complaint is verified, the Court is essentially in no better position to rule on the legal sufficiency of Plaintiff's claims than if Defendants proceeded under Fed. R. Civ. P. 12(c).

7

While the Court could resolve the remainder of the motion by employing a Rule 12(c) analysis which, in all probability, would send the case to trial, such a procedure would serve neither the "salutary purposes of summary judgment--avoiding protracted, expensive and harassing trials," Nicastro v. Runyon, 60 F. Supp.2d 181, 183 (S.D.N.Y. 1999), nor the public policy behind early resolution of qualified immunity defenses. See Aiken v. Nixon, 236 F. Supp.2d 211, 229 (N.D.N.Y. 2002),[3] aff'd 80 Fed. Appx. 146, 2003 WL 22595837 (2d Cir. Nov. 10, 2003).  Therefore, the Court will exercise its discretion and deny summary judgment on the remaining arguments but grant leave to Defendants to renew their remaining arguments for summary judgment upon proper papers.

## IV. CONCLUSION

Therefore, and for the reasons set forth above, Defendants' motion for summary judgment is **denied**.  Defendants are **granted leave** of sixty (60) from the date of this Decision and Order to renew their motion for summary judgment upon proper papers. The parties are reminded that Local Rule 7.1(a)(3) provides: "Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion." N.D.N.Y.L.R. 7.1(a)(3)(emphasis in original).

---

[3] In Aiken, the Court noted:

> The [qualified immunity] defense "serves important interests in our political system," Sound Aircraft Servs., Inc. v. Town of East Hampton, 192 F.3d 329, 334 (2d Cir. 1999), ensuring that damages suits do not "unduly inhibit officials in the discharge of their duties" by burdening individual officers with "personal monetary liability and harassing litigation." Anderson v. Creighton, 483 U.S. 635, 638 (1987); see Connell v. Signoracci, 153 F.3d 74, 79 (2d Cir. 1998).  For this reason, the Supreme Court has directed that "[w]here the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." Saucier v. Katz, 121 S.Ct. 2151, 2155-56 (2001).

236 F. Supp.2d at 229.

**IT IS SO ORDERED**

DATED:   March 29, 2006

Thomas J. McAvoy
Senior, U.S. District Judge